**Dennis WOLFEL, Plaintiff-Appellee,**

v.

**Nick SANBORN, et al., Defendants-Appellants.**

No. 80–3012.

United States Court of Appeals, Sixth Circuit.

Oct. 20, 1982.

Certiorari Denied Jan. 10, 1983. See 103 S.Ct. 751.

William J. Brown, Atty. Gen., Thomas V. Martin, Allen P. Adler, Asst. Attys. Gen., Columbus, Ohio, for defendants-appellants.

Michael A. Geltner/Ellen S. Shapiro, Geltner & Ritchie, Washington, D. C., for plaintiff-appellee.

Before EDWARDS, Chief Judge, and WEICK and PHILLIPS, Senior Circuit Judges.

PER CURIAM.

On June 28, 1982, the Supreme Court, —— U.S. ——, 102 S.Ct. 3476, 73 L.Ed.2d 1363, vacated the decision of this court reported at 666 F.2d 1005 (6th Cir. 1981) and remanded the case to this court for further consideration in the light of *Harlow v. Fitzgerald,* 457 U.S. ——, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

The order of the Supreme Court in pertinent part is as follows:

ON WRIT OF CERTIORARI to the United States Court of Appeals for the Sixth Circuit.

THIS CAUSE having been submitted on the petition for writ of certiorari and response thereto,

ON CONSIDERATION WHEREOF, it is ordered and adjudged by this Court that the judgment of the Court of Appeals in this cause is vacated with costs, and that this cause is remanded to the United Court of Appeals for the Sixth Circuit for further consideration in light of *Harlow v. Fitzgerald,* 457 U.S. —— [102 S.Ct. 2727, 73 L.Ed.2d 396] (1982). See *Butz v. Economou,* 438 U.S. [478] 504 [98 S.Ct. 2894, 2909, 57 L.Ed.2d 895] (1978) (deeming it "untenable to draw a distinction for purposes of immunity law between suits brought against state officials under § 1983 and suits brought directly under the Constitution against federal officials").

Following this order of remand, the parties were invited to submit supplemental briefs, which have been filed and considered by this court.

This is an action under 42 U.S.C. § 1983 by a parolee against two Ohio parole officers for arresting and imprisoning him for 27 days without holding a preliminary hearing to determine probable cause as required by *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed. 2d 484 (1972). On the first trial the district court overruled the motion of the parole officers for summary judgment in an order filed July 14, 1978, and submitted the case to the jury. The jury returned a verdict against the parole officers for $1,000 in damages. In *Wolfel v. Sanborn,* 555 F.2d 583 (6th Cir. 1977), this court reversed and remanded to the district court for a new trial, holding that the parole officers were entitled to assert their defense of good faith with respect to their incarceration of Wolfel without a preliminary hearing. The district court conducted

the second trial in accordance with the mandate of this court. A jury again awarded judgment for $1,000 in favor of Wolfel against the two parole officers. The two parole officers again appealed. This court affirmed, with Judge Weick dissenting. *Wolfel v. Sanborn,* 666 F.2d 1005 (6th Cir. 1981). Reference is made to the two published opinions of this court for a recitation of pertinent facts.

We construe the remand order of the Supreme Court to mean that State officials are entitled to the same qualified immunity in an action filed under 42 U.S.C. § 1983 as was accorded to aides of the President in *Harlow v. Fitzgerald, supra.*

In footnote 30 of *Harlow,* 457 U.S. at ——, 102 S.Ct. at 2738–39, the Supreme Court wrote:

---

30 This case involves no issue concerning the elements of the immunity available to state officials sued for constitutional violations under § 1983. We have found previously, however, that "it would be untenable to draw a distinction for purposes of immunity law between suits brought against state officials under § 1983 and suits brought directly under the Constitution against federal officials." *Butz v. Economou,* 438 U.S., at 504 [98 S.Ct. at 2909].

Wolfel contends that the decision of the Supreme Court in *Harlow v. Fitzgerald* should not be applied retroactively. The short answer to this contention is that the Supreme Court would not have directed this court to reconsider this case in the light of *Harlow* if it did not intend for this court to follow the law established in that case in making our decision on remand.

Upon consideration, it is ORDERED that the judgments of this court and the district court in this case and the order of the district court filed July 14, 1978, overruling the motion of the parole officers for summary judgment, be and hereby are vacated. The case is remanded to the district court for reconsideration of the motion for summary judgment in the light of *Harlow v. Fitzgerald* and for further action consistent with this opinion. No costs are taxed for the proceedings in this court. The parties will bear their own costs in the Court of Appeals.

WEICK, Senior Circuit Judge, concurring in part:

I concur in all of the opinion of the panel except that portion which remands to the district court for reconsideration of the motion of the parole officers for summary judgment.

In my opinion, under the decision of the Supreme Court in *Harlow, Butz* and *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), the parole officers were entitled to qualified immunity as a matter of law and the district judge erred in not granting their motion for summary judgment. We should now enter the judgment which the district court should have entered and grant their motion for summary judgment and assess the costs against plaintiff-appellee. It is time that this prolonged litigation be brought to a close as it has no merit.