Richard B. Woolley, Sp. Asst. Atty. Gen., and Arlene Violet, Atty. Gen., Providence, R.I., on brief, for defendants, appellees.

**Paul C. JOHNSON, Plaintiff, Appellant,**

v.

**RHODE ISLAND PAROLE BOARD MEMBERS, Defendants, Appellees.**

No. 86–1747.

United States Court of Appeals, First Circuit.

Submitted Dec. 5, 1986.

Decided March 31, 1987.

Before COFFIN, BOWNES and TORRUELLA, Circuit Judges.

PER CURIAM.

The appellant, while an inmate in a Rhode Island state prison, brought a 42 U.S.C. § 1983 action against the Rhode Island parole board members, seeking a declaratory judgment and monetary damages, for allegedly violating his constitutionally-protected liberty interest and due process rights in thrice denying his parole applications. A magistrate recommended that the defendants' motion to dismiss be granted for failure to state a claim since, in the magistrate's view, the allegations expressed in the complaint were vague, conclusory and lacking in specific facts. The district court accepted the magistrate's recommendation and, as an additional ground

in support of dismissal, concluded that the defendant parole board members enjoy absolute immunity from damage claims stemming from the performance of their duties. We affirm.

This court has not, as yet, addressed the question of what immunity, if any, state parole board members have in § 1983 actions seeking monetary damages for alleged constitutional violations. The U.S. Supreme Court has reserved judgment on this question, *Martinez v. California,* 444 U.S. 277, 285 n. 11, 100 S.Ct. 553, 559 n. 11, 62 L.Ed.2d 481 (1980), although it has recently observed that several federal appellate courts have concluded that state parole officials enjoy absolute immunity as a matter of federal law. *Cleavinger v. Saxner,* 474 U.S. 193, 106 S.Ct. 496, 500, 88 L.Ed.2d 507 (1985).

Assuming *arguendo* that under a liberal construction of this *pro se* pleading, *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), we concluded that the allegations were sufficiently specific, we agree with the district court's further rationale for its decision, *i.e.,* that the defendant parole board members are shielded by absolute immunity in § 1983 actions seeking monetary damages for actions taken by the members in the performance of their official duties.[1]

Utilizing the functional approach to immunity law, *see Cleavinger v. Saxner,* 106 S.Ct. at 501, the Ninth Circuit has cogently stated:

> "We believe that parole board officials perform functionally comparable tasks to judges when they decide to grant, deny, or revoke parole. The daily task of both judges and parole board officials is the adjudication of specific cases or controversies. Their duty is often the same: to render impartial decisions in cases and controversies that excite strong feelings because the litigant's liberty is at stake. They face the same risk of constant un-

founded suits by those disappointed by the parole board's decisions.

.    .    .    .    .

> "We believe that the same degree of protection [given to the judicial decision-making process] must be accorded to the decision-making process of parole board officials. Just as the decision-making process of judges must be kept free from fear, so must that of parole board officials. Without this protection, there is the same danger that the decision-maker might not impartially adjudicate the often difficult cases that come before them. If parole board officials had to anticipate that each time they rejected a prisoner's application for parole, they would have to defend that decision in federal court, their already difficult task of balancing the risk involved in releasing a prisoner whose rehabilitation is uncertain against the public's right to safety would become almost impossible. Furthermore, time spent in depositions and on the witness stand defending their actions would leave these overburdened public servants with even less time to perform their crucial tasks."

*Sellars v. Procunier,* 641 F.2d 1295, 1303 (9th Cir.), *cert. denied,* 454 U.S. 1102, 102 S.Ct. 678, 70 L.Ed.2d 644 (1981). The Ninth Circuit is careful to restrict absolute immunity to those actions taken in performance of the parole board's official duties, *i.e.,* in processing parole applications and deciding whether to grant, deny, or revoke parole. *Anderson v. Boyd,* 714 F.2d 906, 908–10 (9th Cir.1983) (imposing parole conditions and executing parole revocation procedures are actions entitled to absolute immunity; disseminating allegedly false information about a parolee's criminal record to individuals and agencies beyond parole board members and the governor to members of the state racing commission and to local police authorities is an action entitled to only qualified immunity).

Other circuit courts which have addressed this issue are in accord with the

---

1. The appellant has not contested on appeal the district court's determination that since he was eventually paroled, his request for declaratory relief is moot. We, therefore, need not address that claim.

Ninth Circuit's view that state parole board members enjoy absolute immunity from suits for monetary damages for actions taken in the performance of their official duties. *E.g., Nelson v. Balazic,* 802 F.2d 1077, 1078 (8th Cir.1986); *Walker v. Prisoner Review Bd.,* 769 F.2d 396, 398 (7th Cir.1985); *Pope v. Chew,* 521 F.2d 400, 405 (4th Cir.1975).

The Third Circuit agrees that a parole board member is entitled to absolute immunity when engaged in adjudicatory duties, such as serving as a hearing examiner at a detention proceeding and making a recommendation to the board. *Harper v. Jeffries,* 808 F.2d 281, 284 (3d Cir.1986). Because parole board members are not judicial officers, however, but in reality are executive officers carrying out the policy of the State with respect to probation and parole, in that circuit's view, executive or administrative actions by parole officials (which that circuit court would define as including probation officers and parole board members) are protected by qualified immunity. *Thompson v. Burke,* 556 F.2d 231, 237–38 (3d Cir.1977); *see Harper v. Jeffries,* 808 F.2d at 284 (general responsibilities as probation officer are more executive than judicial in nature; charging parolee with violating parole and presenting what parolee contended was fabricated evidence to that effect to the board appears to be more executive than judicial in nature). The Seventh Circuit has criticized this adjudicatory/administrative distinction, which it views as neither desirable nor even possible, and has expressly declined to adopt such a distinction. *Walker v. Prisoner Review Bd.,* 769 F.2d at 397–99 (board's decision to deny plaintiff access to parole file entitled to absolute immunity; court also expressly disavows earlier district court holding in separate case that parole board's decision regarding location of revocation hearing is entitled to only qualified immunity). The Seventh Circuit views absolute immunity to encompass all actions taken by parole board members in the course of their official duties, whether or not those actions may be classified as adjudicatory or administrative, and that this view is consistent with the rationale for absolute immunity as enunciated by Supreme Court precedent since the "burden placed on board members would be heavy even if they were exposed to liability only for 'administrative' actions" and even if an adjudicatory/administrative distinction could be made, that distinction "might only be delineated through burdensome litigation which would unduly disrupt the Board's functions." *Id.* at 399. That circuit believes that "safeguards apart from Section 1983 suits for damages, including review of parole denials through petitions for writ of habeas corpus, 'adequately guard prisoners' parole rights without impairing the performance of Board members" *Id.* (quoting *United States v. Irving,* 684 F.2d 494, 497 (7th Cir.1982)). We are persuaded by the Seventh Circuit's argument concerning the difficulty and probable undesirability in attempting to draw a distinction between adjudicatory and administrative duties of parole board members. We retain, however, the caution of the Ninth Circuit in that we believe that it is only those actions which parole board members undertake within the proper scope of their official duties that are entitled to absolute immunity.

The Fifth Circuit appears to have opposing caselaw on this issue. *Compare Hilliard v. Board of Pardons and Paroles,* 759 F.2d 1190, 1193–94 (5th Cir.1985) (state parole board members are absolutely immune from liability for damages in a § 1983 action, citing *Johnson v. Wells,* 566 F.2d 1016, 1018 (5th Cir.1978) and *Cruz v. Skelton,* 502 F.2d 1101, 1101–02 (5th Cir.1974)) *with Fowler v. Cross,* 635 F.2d 476, 481 (5th Cir.1981) (members of parole commission are entitled to raise the defense of qualified immunity for actions taken in their official capacity, citing *Williams v. Rhoden,* 629 F.2d 1099, 1103 (5th Cir.1980) and *Henzel v. Gerstein,* 608 F.2d 654, 658–59 (5th Cir.1979)). We make no attempt to reconcile the Fifth Circuit caselaw. We note, however, that the most recent case, *Hilliard v. Board of Pardons and Paroles, supra,* apparently was the first occasion in which the issue of absolute versus qualified immunity was squarely raised.

**8**

Neither the case of *Fowler v. Cross, supra,* nor the two cases cited by *Fowler* were discussed in the *Hilliard* case and their persuasiveness are therefore suspect.

■ The only authority arguably contrary to the view that state parole board members are entitled to absolute immunity concerned parole officers rather than parole board members. *Wolfel v. Sanborn,* 691 F.2d 270 (6th Cir.1982), *cert. denied,* 459 U.S. 1115, 103 S.Ct. 751, 74 L.Ed.2d 969 (1983) (parole officers who arrested and imprisoned parolee for 27 days without holding preliminary hearing to determine probable cause entitled to qualified immunity). We believe that the function of an arresting parole officer is more akin to that of a police officer and sufficiently distinguishable from the quasi-judicial duties performed by a parole board member in deciding parole cases, such that the rationale for according that official absolute immunity, as described previously by the Ninth Circuit, is inapplicable to the parole officer. For the same reason, we are not persuaded by the district court's reliance on the *Wolfel* case in *Beck v. Kansas University Psychiatry Foundation,* 580 F.Supp. 527, 534–35 (D.Kan.1984) (concluding that parole board members are entitled to qualified immunity).

■ Given the small degree of contrary thought, we join those circuit courts which have addressed this issue and conclude that the defendant parole board members are entitled to absolute immunity from liability for damages in a § 1983 action for actions taken within the proper scope of their official duties. We therefore affirm the judgment of the district court dismissing this action.

*Affirmed.*