Hurley v. Messenger                    CV-97-13-SD    06/24/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Thomas S. Hurley, Jr.

        v.                                  Civil No. 97-13-SD

Lance Messenger, et al


**O R D E R**


    Thomas Hurley has objected to a Report & Recommendation
(R & R) of the magistrate judge.  Document 11.  The R & R
suggests dismissal of the complaint with the exception of an
Eighth Amendment claim against three defendants.  Document 9.

    The court has conducted the requisite de novo review of the
R & R.  28 U.S.C. § 636(b)(1)(C); Elmendorf Grafica, Inc. v. D.S.
America (East), Inc., 48 F.3d 46, 49-50 (1st Cir. 1995).


1.  Background

    Hurley is currently an inmate at the New Hampshire State
Prison (NHSP).  Claiming violation of his civil and
constitutional rights based on perceived deprivation of medical
care, he has here sued a number of defendants, including Superior
Court Justice Dalianis, Commissioner of Corrections Paul Brodeur,
and New Hampshire Parole Board Members Robert F. Hamel, John
Eckert, and E. Leonard Zeifert, together with NHSP employees

Lance Messenger, Anne Melvin, Wayne Brock, Paul McAuliffe,[1] Roman Aquizap, Dr. Fellows, and Irene Lavois.  The thrust of plaintiff's complaint is that he has been unlawfully denied participation in a mental health sex offender program (SOP) necessary for parole.

On reference to the magistrate judge, the matter was reviewed, and the challenged R & R issued.  The magistrate judge recommended dismissal as to the defendants Dalianis, Hamel, Eckert, and Zeifert on the ground of absolute immunity, and dismissal on other grounds as to all remaining defendants except Messenger, McAuliffe, and Aquizap.

2.  Discussion

    a.  Absolute Immunity

The magistrate judge ruled that the state court judge and the parole board members were entitled to dismissal on the grounds of absolute immunity.  Plaintiff's objection is that the judge's order that he complete an SOP plan somehow violated his rights to equal protection.  As the order neither burdens a fundamental right nor targets a suspect class, and as it bears a

---

[1]The complaint spells the name of this defendant as "Mculff", but in its acceptance of service (document 13), the Office of the New Hampshire Attorney General spells it as "McAuliffe", and the court accordingly adopts the latter spelling.

2

rational relation to a legitimate end, <u>Romer v. Evans</u>, ___ U.S. ___, ___, 116 S. Ct. 1620, 1627 (1996), it is not violative of the Equal Protection Clause.  And as the order was issued in the course of judicial proceedings, the judge is entitled to absolute immunity.  <u>Stump v. Sparkman</u>, 435 U.S. 349, 355-56 (1978).

Similarly, it is well established that parole board members enjoy absolute immunity from civil liability when performing their quasi-judicial functions.  <u>Johnson v. Rhode Island Parole Bd. Members</u>, 815 F.2d 5, 8 (1st Cir. 1987).  Accordingly, the magistrate judge did not err in recommending dismissal of the complaint as to Judge Dalianis and defendants Hamel, Eckert, and Zeifert.

### b.  Eighth Amendment

The magistrate judge ruled that, fairly and liberally read, plaintiff's complaint stated an Eighth Amendment cause of action only against defendants Messenger, McAuliffe, and Aquizap. Similarly read by the court, this ruling is correct.

It is well established that the Eighth Amendment applies to cases where prison officials demonstrate "deliberate indifference" to the serious medical needs of prisoners.  <u>Helling v. McKinney</u>, 509 U.S. 25, 32 (1993); <u>Mahan v. Plymouth County House of Corrections</u>, 64 F.3d 14, 18 (1st Cir. 1995).  And

"deliberate indifference" equates with subjective awareness on the part of the prison official of an obvious, substantial risk to an inmate's safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 836-37 (1994).

As illuminated by the R & R, defendants Melvin, Brock, Fellows, and Lavois, together with defendant Brodeur,[2] exerted efforts designed to assist rather than harm the plaintiff. That these efforts might not have been as successful as plaintiff wished does not mean that they can be considered as deliberately indifferent to his needs. Where efforts are made to furnish medical care, there can be no claim for deliberate indifference. <u>Harris v. Thigpen</u>, 941 F.2d 1495, 1507 (11th Cir. 1991) (collecting cases).

c. <u>Due Process and Equal Protection</u>

The magistrate judge ruled that the complaint does not support violation of plaintiff's substantive or procedural due process rights. To succeed on a substantive due process claim, there must be conduct which "'shocks the conscience' or is

---

[2]In Brodeur's case, the magistrate judge correctly held that the allegations of the complaint failed to support a claim that Brodeur did not adequately train his staff or that he was otherwise deliberately indifferent to Hurley's mental health problems. <u>See</u> <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658, 691 (1978); <u>Bowen v. City of Manchester</u>, 966 F.2d 13, 20 (1st Cir. 1992).

4

otherwise offensive to the 'concept of ordered liberty,'" <u>Baker v. McCollan</u>, 443 U.S. 137, 147 (1979) (Blackmun, J., concurring) (internal quotation omitted).  Otherwise put, such conduct must be violative of "'principles of justice so rooted in the conditions and conscience of our people as to be ranked as fundamental,'" <u>Abany v. Fridovich</u>, 862 F. Supp. 615, 620 (D. Mass. 1994) (quoting <u>Snyder v. Massachusetts</u>, 291 U.S. 97 (1934)).  Denying a prisoner multiple chances to complete a rehabilitation program does not fall within the penumbra of a subjective due process violation.

And absent a showing of deprivation of a liberty interest sourced in the due process clause itself or the laws of the states, <u>Kentucky Dep't of Corrections v. Thompson</u>, 490 U.S. 454, 460 (1988), there is no procedural due process violation. Inmates of New Hampshire prisons have no constitutionally protected liberty interest in parole, <u>Wellington v. Corrections</u>, No. 96-189, slip op. at 4-5 (D.N.H. Dec. 30, 1996), and as plaintiff has no liberty interest in parole, <u>Stone v. Hamel</u>, No. 91-386, slip op. at 3 (D.N.H. Apr. 8, 1994), he cannot succeed on a claimed liberty interest in unlimited chances at satisfying a condition of parole.  <u>Sandin v. Conner</u>, ___ U.S. ___, ___, 115 S. Ct. 2293, 2300 (1995).

Moreover, even were such liberty interest found to exist,

5

plaintiff's complaint, liberally and fairly read, fails to suggest a due process violation. His multiple opportunities to complete the SOP, his apparent completion of a different program, and his recent evaluation by prison officials regarding his ability to adhere to a rehabilitation program strongly belie any such claim.

Finally, the complaint of homosexual discrimination does not here serve to support a claim of denial of equal protection. Again, there is no showing in the complaint that the challenged action either burdens a fundamental right, targets a suspect class, or bears no rational relation to a legitimate end. Romer v. Evans, supra. Nor do the alleged facts show plaintiff to have been the victim of invidious discrimination which would warrant constitutional protection. Moreover, the alleged reason for denial of parole--continued deviant sexual misconduct--advances the legitimate state interest in protection of the public. New Hampshire Revised Statutes Annotated 651-A:1.

3. Conclusion

For the reasons hereinabove outlined, the court overrules the plaintiff's objection to the R & R and finds that the magistrate judge correctly recommended dismissal of all claims except those under the Eighth Amendment directed at defendants

6

Messenger, McAuliffe, and Aquizap.  The R & R is accordingly accepted without modification.

**SO ORDERED.**

 

 

_____
Shane Devine, Senior Judge
United States District Court

June 24, 1997
cc:   Thomas S. Hurley, Jr., pro se
      Suzanne M. Gorman, Esq.