Sylvain NICOLAS

v.

**State of RHODE ISLAND and Lisa Holley.**

No. C.A. 00–560 ML.

United States District Court, D. Rhode Island.

July 3, 2001.

Sylvain Nicolas, pro se.

Richard B. Woolley, for Defendant.

## Report and Recommendation

HAGOPIAN, United States Magistrate Judge.

The *pro se* plaintiff, Sylvain Nicolas, an inmate confined at the Adult Correctional Institution, Cranston, Rhode Island, filed a Complaint pursuant to 42 U.S.C. § 1983 alleging a violation of his Constitutional rights. Plaintiff names as defendants Lisa Holley, individually and in her official capacity as Rhode Island Parole Board Chairperson, and the State of Rhode Island.

This matter is currently before the Court on the defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff has filed an objection thereto. For the reasons that follow, I recommend that the defendants' motion to dismiss be granted.

## I. Background

The factual allegations, taken as true from the Complaint, are as follows:

The plaintiff, Sylvain Nicolas, appeared before a parole board on April 20, 2000. During the parole board hearing, plaintiff was asked to describe his crime. When he had finished, the plaintiff was then asked by defendant Holley, "Have you been practicing a lot of Voodoo and Black Magic?" The plaintiff, offended by such an inquiry, alleges that he has been traumatized by this question. Plaintiff feels the question prejudiced the parole board against him and ruined his chance for parole.

Plaintiff has commenced this federal cause of action, pursuant to 42 U.S.C. § 1983, seeking relief, apparently alleging

a deprivation of his right to due process guaranteed by the Fourteenth Amendment. The defendants have moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff has filed an opposition thereto.

## II. Discussion

### A. Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of actions which fail to state a claim upon which relief can be granted. In ruling on a motion filed under Rule 12(b)(6), the court must "accept the well pleaded averments of the *** complaint as true, and construe these facts in the light most favorable to the [plaintiff]." *Chongris v. Board of Appeals*, 811 F.2d 36, 37 (1st Cir.1987). A Rule 12(b)(6) motion will only be granted when, viewed in this manner, it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–6, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Under a Rule 12(b)(6) motion, "a reviewing court is obliged neither to credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, nor to honor subjective characterizations, optimistic predictions, or problematic suppositions." *United States v. AVX Corp.*, 962 F.2d 108, 115 (1st Cir. 1992). Unverifiable conclusions, not supported by the stated facts, deserve no deference. *Id.* Thus, in ruling on the motion to dismiss, the pertinent inquiry is whether plaintiff's complaint sets forth sufficient factual allegations which, if proven, would support his claims of a deprivation of federal rights.

### B. Defendant Lisa Holley in her Individual Capacity.

■ Plaintiff has brought suit against Lisa Holley, in her individual capacity, for a question she asked as Chairperson of the Rhode Island Parole Board. According to the plaintiff, during plaintiff's parole board hearing, Holley asked the plaintiff, "Have you been practicing a lot of Voodoo and Black Magic?" The plaintiff, offended by this question, alleges that by asking this one question, Holley deprived him of his right to due process guaranteed by the Fourteenth Amendment of the U.S. Constitution.

■ However, "parole board members are entitled to absolute immunity from liability for damages in a § 1983 action for actions taken within the proper scope of their official duties." *Johnson v. Rhode Island Parole Board Members*, 815 F.2d 5, 8 (1st Cir.1987). " '[P]arole board officials perform functionally comparable tasks to judges....' " *Id.* at 6 (*quoting Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir. 1981)). They must " 'render impartial decisions in cases and controversies that excite strong feelings because the litigant's liberty is at stake.' " *Id.* (*quoting Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir. 1981)). " 'If parole board officials had to anticipate that each time they rejected a prisoner's application for parole, they would have to defend that decision in federal court, their already difficult task of balancing the risk involved in releasing a prisoner whose rehabilitation is uncertain against the public's right to safety would become almost impossible.' " *Id.* (*quoting Sellars v. Procunier*, 641 F.2d 1295, 1303 (9th Cir.1981)). The same degree of protection "must be accorded to the decision-making process of parole board officials" as is given to judges. *Id.*

Here, plaintiff complains about one question that Holley asked during his parole board hearing. However, by asking questions, defendant Holley was acting in an adjudicatory capacity and within the

scope of her official duties as a member of the parole board. Since defendant Holley was acting within the scope of her official duties, she is afforded absolute immunity and this § 1983 suit can not be maintained against her individually. Accordingly, the defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), for defendant Holley individually, should be granted.

## C. Defendant State of Rhode Island and Defendant Lisa Holley in Her Official Capacity

### 1. Monetary Damages

■ Plaintiff has brought this § 1983 action against Lisa Holley in her official capacity as Rhode Island Parole Board Chairperson and the State of Rhode Island. However, neither a state, a state agency, nor a state official acting in his or her official capacity may be sued for monetary damages under § 1983. *Will v. Michigan,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989), *Johnson v. Rodriguez,* 943 F.2d 104, 108 (1st Cir. 1991). Thus, plaintiff can not maintain an action for damages against Lisa Holley in her official capacity nor the State of Rhode Island. Accordingly, this aspect of plaintiff's Complaint should be dismissed. I so recommend.

### 2. Injunctive Relief

■ To the extent that plaintiff seeks injunctive relief against Lisa Holley in her official capacity and the State of Rhode Island, this aspect of plaintiff's Complaint should be dismissed as well. First, a § 1983 suit can not be brought against a state for monetary damages or for injunctive relief since a state is not considered a "person" as that term is defined in 42 U.S.C. § 1983. *Will,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45. Thus, plaintiff can not maintain a suit directly against the state. Second, individuals may

generally bring suit against a state officer in her official capacity for prospective injunctive relief in order to "end a continuing violation of federal law." *Bergemann v. State of Rhode Island,* 958 F.Supp. 61, 69 (*quoting Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996)). Here, however, plaintiff's Complaint hinges on one question asked during a parole board hearing. This lone allegation fails to sustain a cause of action based upon the Fourteenth Amendment due process clause, let alone set forth any allegation that there is a continuing violation of federal law that would entitle him to injunctive relief. Accordingly, this aspect of plaintiff's complaint should be dismissed as well. I so recommend.

## III. Conclusion

For the reasons stated above, I recommend that the defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) be granted. Any objection to this report and recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); Local Rule 32. Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. *See United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980).